IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRANDON MICHAEL LEEK, #B89810, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-00711-SMY |
| | ) | |
| TYLER R. EDMONDS, | ) | |
| ASA BUSBY, | ) | |
| BART HILEMAN, | ) | |
| JEFFREY STROEHLEIN, | ) | |
| ROBERT McGEE, | ) | |
| ROSCOE BRIDGES, and | ) | |
| UNION COUNTY ILLNOIS | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**YANDLE, District Judge:**

Plaintiff Brandon Leek, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Hill Correctional Center ("Hill"), brings this action pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations that occurred in Union County, Illinois on April 2, 2019. Plaintiff claims the defendants unlawfully arrested him, interrogated him, and prosecuted him. He seeks money damages and the dismissal of all pending criminal charges stemming from the incident.

The Complaint (Doc. 1) is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## The Complaint

Plaintiff makes the following allegations in the Complaint: On April 2, 2019, Plaintiff was unlawfully stopped and arrested by Defendants Busby, Hileman, Stroehlein, Bridges, and McGee in Union County, Illinois. (Doc. 1, pp. 8-10). After a confidential source confirmed that Plaintiff was the unlicensed driver of a car parked in Anna, Illinois, Busby directed Union County Officers Hileman, Stroehlein, Bridges, and McGee to swarm the vehicle. (*Id*.). With their weapons drawn, the officers ordered Plaintiff and his four children to exit the vehicle while they searched it for drugs. (*Id*.). Defendants then threw Plaintiff to the ground, cuffed him, and transported him to the Union County Sheriff's Office, where Busby and Bridges interrogated him without first reviewing all of his *Miranda* rights because he was "clearly in an intoxicated and distressed state." (*Id*. at pp. 9-10). State's Attorney Edmonds then maliciously pursued criminal charges against Plaintiff. (*Id*.).

Based on the allegations, the Court finds it convenient to divide the *pro se* Complaint into the following Counts:

> **Count 1:** Fourth Amendment claim against Defendants Busby, Hileman, Stroehlein, Bridges, and McGee for the unlawful stop and search of Plaintiff and his vehicle on April 2, 2019.
>
> **Count 2:** Fourth Amendment claim against Defendants Busby, Hileman, Stroehlein, Bridges, and McGee for the unlawful seizure/arrest of Plaintiff on April 2, 2019.
>
> **Count 3:** Fifth, Sixth, and/or Fourteenth Amendment claims against Defendants Busby and Bridges for interrogating Plaintiff without counsel and without reviewing all of his *Miranda* rights while he was clearly intoxicated and distressed on April 2, 2019.
>
> **Count 4:** Malicious prosecution claim against Defendant Edmonds for pursuing criminal charges against Plaintiff for the incident that

occurred on April 2, 2019.[1]

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by this Court. **Any claim mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

## Preliminary Dismissals

### Request for Relief

In addition to money damages, Plaintiff requests dismissal of all pending criminal charges and release. However, he cannot use § 1983 to attack his pending criminal charges or seek release from confinement. This relief is unavailable under § 1983. Plaintiff should instead pursue all available defenses in his pending criminal case. He may also challenge the fact or duration of his confinement by filing a petition for a writ of habeas corpus in state or federal court. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). This order does not preclude him for taking either action.

### Claims Against Municipality

In order to obtain monetary relief against a local government, a § 1983 plaintiff must allege that he suffered a constitutional deprivation as a result of an official policy, custom, or practice of the municipality. *Monell v. Dept. of Social Servs. of the City of New York*, 436 U.S. 658, 691 (1978). Plaintiff makes no such claim in the Complaint. For this reason, all claims against Union County will be dismissed without prejudice.

### Official Capacity Claims

*Monell* applies with equal force to the official capacity claims against Union County employees. Claims for money damages against municipal employees, in their official capacities,

---

[1] Plaintiff also cites the Eighth Amendment, which applies to convicted persons. According to the Complaint, Plaintiff was not yet convicted, and he fails to articulate an Eighth Amendment claim against the defendants. This claim should be considered dismissed without prejudice from this action.
[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

are treated like claims against the municipality itself. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Therefore, all official capacity claims for money damages against the Union County employees will be dismissed without prejudice.

## Discussion

### Counts 1 and 2

Counts 1 and 2 arise under the Fourth Amendment, which guards against unreasonable searches and seizures. U.S. CONST. amend IV. Construed liberally in favor of Plaintiff, the allegations are sufficient to state a colorable claim that he was subject to an unlawful search and/or seizure on April 2, 2019. He now faces criminal charges for the events that transpired on that date.

A district court faced with a Fourth Amendment claim filed by an arrestee or pretrial detainee must consider whether a judgment in Plaintiff's favor in the § 1983 case would necessarily imply the invalidity of the conviction or sentence and, if so, the claim must be dismissed unless the conviction or sentence has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). *Heck* extends to *pending* criminal cases. *Washington v. Summerville*, 127 F.3d 552, 556 (7th Cir. 1997) (citing *Smith v. Holtz*, 87 F.3d 108, 112-13 (3d Cir.), *cert. denied* 519 U.S. 1041 (1996)). At this point, however, *Heck* appears to pose no bar to Counts 1 and 2, and these claims will proceed against Defendants Busby, Hileman, Stroehlein, Bridges, and McGee.[3]

### Count 3

Count 3 arises under the Fifth, Sixth, and Fourteenth Amendments. Plaintiff's allegations suggest that Defendants Busby and Bridges interrogated him while he was clearly intoxicated on

---

[3] *See Copus v. City of Edgerton*, 151 F.3d 646, 648-49 (7th Cir. 1998) (noting that it is possible for a person to be properly convicted, even if he was unlawfully arrested or his home unlawfully searched). *See also Washington*, 127 F.3d at 556 (citing *Booker v. Ward*, 94 F.3d 152 (7th Cir. 1996) (like many Fourth Amendment claims, a wrongful arrest claim "does not inevitably undermine a conviction because a plaintiff can wage a successful wrongful arrest claim and still have a perfectly valid conviction.").

4

April 2, 2019 and that they failed to administer his *Miranda* warnings before doing so, in violation of the Fifth Amendment. He also alleges these defendants did not provide him with counsel, in violation of the Sixth Amendment and detained him on criminal charges, in violation of the Fourteenth Amendment.

These claims lack sufficient factual support in the Complaint to proceed under the pleading standard set forth in *Twombly*. Plaintiff relies on conclusory assertions and omits basic information. For example, Plaintiff does not claim that his statements were used against him. A § 1983 claim does not arise from the failure to review *Miranda* warnings an arrestee that individual actually made inculpatory statements that were used against him in his criminal case. *Chavez v. Martinez*, 538 U.S. 760, 766-67 (2003); *Somberger v. City of Knoxville*, 434 F.3d 1006, 1024-25 (7th Cir. 2006) ("After *Chavez* . . . a violation of the *Miranda* safeguards cannot provide the basis for § 1983 liability without the use of a suspect's statements against him in a 'criminal case.'"). Plaintiff also claims that he "made it aware several times during questioning by not speaking [that he] didn't wish to answer questions," and he faults the defendants for continuing to interrogate him. (Doc. 1, p. 9). From these allegations alone, the Court cannot plausibly infer that Plaintiff was coerced to speak, denied counsel, or made statements that were used against him in violation of the Fifth, Sixth, or Fourteenth Amendments. As such, Count 3 will be dismissed without prejudice.

**Count 4**

Plaintiff's allegations are also insufficient to support a federal or state malicious prosecution claim against State's Attorney Edmonds in Count 4. State prosecutors enjoy absolute immunity from civil suits for damages under § 1983 for actions taken within the scope of their duties in initiating and pursuing a criminal prosecution and in presenting the State's case. *Imbler*

*v. Pachtman*, 424 U.S. 409, 431 (1976). Because the Complaint does not include any allegations suggesting the State's Attorney acted outside the scope of his duties in initiating or pursuing a criminal prosecution against Plaintiff, Count 4 will also be dismissed without prejudice.

**Motions for Recruitment of Counsel**

Plaintiff's Motions for Recruitment of Counsel (Docs. 2 and 7) are **DENIED** without prejudice. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating factors district court should consider when presented with a request for counsel). Although Plaintiff has demonstrated reasonable efforts to locate counsel, he has also demonstrated an ability to litigate this matter without representation even with his limited education and lack of legal expertise. The Complaint survives screening. This case focuses on two Fourth Amendment claims that are relatively straightforward. Plaintiff has filed coherent and timely pleadings and appears capable of meeting deadlines, conducting discovery, preparing motions, and otherwise prosecuting his claims. Should his situation change, Plaintiff may renew his request by filing a new motion.

**Stay**

Federal courts are required by *Younger v. Harris*, 401 U.S. 37 (1971), to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings. *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 431 (1982); *Village of DePue, Ill. v. Exxon Mobil Corp.*, 537 F.3d 775, 783 (7th Cir. 2008). *Younger* "precluded federal intrusion into ongoing state criminal prosecutions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013). This case appears to involve an ongoing state criminal prosecution, and a finding that the initial stop, search and arrest were unconstitutional would necessarily interfere with the state case. It is thus subject to *Younger* abstention.

The only remaining question is whether to dismiss or stay the case. Although claims seeking equitable relief are often dismissed, district courts must stay rather than dismiss any claims, including monetary ones, that cannot be vindicated in the pending state proceeding. *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988); *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995). Since Plaintiff seeks monetary relief, this lawsuit must be stayed until the state criminal proceedings have been fully resolved, including any appeal.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives preliminary review under 28 U.S.C. § 1915A, as follows: **COUNTS 1** and **2** will proceed against Defendants **BUSBY, HILEMAN, STROEHLEIN, BRIDGES,** and **McGEE**, in their individual capacities only. All official capacity claims against these defendants are **DISMISSED** without prejudice.

**IT IS ORDERED** that **COUNT 3** against Defendants **BUSBY** and **BRIDGES** and **COUNT 4** against Defendant **EDMONDS** are **DISMISSED** without prejudice for failure to state a claim for relief.

**IT IS ORDERED** that all claims against Defendant **UNION COUNTY ILLINOIS** are **DISMISSED** without prejudice.

The Clerk of Court is **DIRECTED** to **TERMINATE** Defendants **EDMONDS** and **UNION COUNTY ILLINOIS** as parties in the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

The Court finds that a stay is warranted pursuant to the *Younger* abstention doctrine. The stay is premised on the finding that the challenged conduct in Counts 1 and 2 are connected with the criminal charges in a criminal proceeding that is ongoing. However, it is unclear whether the criminal case is ongoing (including appeals) or has been resolved. Accordingly, the Court will postpone entering a stay for a short period of time and allow Plaintiff an opportunity to show cause

why the case should not be stayed. If Plaintiff believes that the Court's conclusion is in error and the criminal prosecution is not ongoing, he shall have through **March 2, 2020**, in which to show cause why this action should proceed. **The failure to show cause by that date will result in this action being stayed without further notice.**

**IT IS FURTHER ORDERED** that, once this case is stayed, it will be Plaintiff's responsibility to notify the Court upon the conclusion of his criminal proceedings. The Court will order service upon Defendants Busby, Hileman, Stroehlein, Bridges, and McGee if appropriate when the stay is lifted.

**IT IS SO ORDERED.**

**DATED: February 7, 2020**

/s/ Staci M. Yandle
**STACI M. YANDLE**
**U.S. District Judge**