UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANDON MICHAEL LEEK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 3:19-cv-00711-GCS |
| | ) |
| ROSCOE BRIDGES, ASA BUSBY, | ) |
| BART HILEMAN, ROBERT MCGEE | ) |
| JEFFREY STROEHLEIN, | ) |
| | |
| Defendants. | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Pending before the Court is Plaintiff's motion to strike Defendants' answer. (Doc. 34). Specifically, Plaintiff argues that the Court should strike the answer because he disagrees with the factual statements made by Defendants in their answer and that Defendants should be barred from asserting their affirmative defenses. Defendants oppose the motion. (Doc. 35). Based on the following, the Court **DENIES** the motion.

Under Federal Rule of Civil Procedure 12(f), a court may strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. PROC. 12(f). However, motions to strike are generally disfavored because they potentially serve only to delay. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). A motion to strike should "not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (citation omitted). Affirmative defenses are pleadings subject to Rule 8,

and a defendant must provide a short and plain statement that gives a plaintiff notice of the basis for the defense. *Id.*; FED. R. CIV. PROC. 8(a). "Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact." *Heller*, 883 F.2d at 1294. However, bare bones conclusory legal statements are insufficient to present an affirmative defense. *Id.* at 1295. A district court has "considerable discretion" whether to strike defenses under Rule 12(f). *See Delta Consulting Grp. Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009).

As to Defendants' answer, the Court finds that Leek is not prejudiced by the answer. Defendants may enter a general denial if they intend in good faith to deny all the allegations of a pleading or generally deny all allegations except those they specifically admit. *See* FED. R. CIV. PROC. 8(b)(3). Defendants' answer is just that: a response to his allegations. It is not a motion to dismiss in its own right, so it does not serve as an impediment to the lawsuit progressing. A disagreement with the facts should be resolved by proof submitted by the parties in a dispositive motion or at trial, rather than striking the pleadings.

As to the affirmative defenses, the Court also finds that Leek is not prejudiced by these defenses. Defendants' affirmative defenses relate to Plaintiff's claims, and they are sufficient to provide him with notice of the nature of the defenses, which is all that is required under Rule 8. The defenses may or may not be meritorious. This case is at the pleading stage and in the initial stages of discovery. The success or failure of these defenses will depend on facts uncovered during the discovery process. Accordingly, the Court **DENIES** the motion to strike. (Doc. 34).

IT IS SO ORDERED.

DATED:   September 30, 2020.

Digitally signed by Judge Sison 2
Date: 2020.09.30 10:08:12 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**